# EXHIBIT A

# City of Philadelphia



*Philadelphia, May 7, 2026*

CERTIFICATION: This is to certify that Bill No. 260060 was presented to the Mayor on the twenty-third day of April, 2026, and was not returned to the Council with their signature at a meeting held May 7, 2026 (being more than ten days after it had been presented to them).

THEREFORE, Pursuant to the provisions of Section 2-202 of the Philadelphia Home Rule Charter, the ordinance becomes as effective as if the Mayor had approved it.

Elizabeth McCollum
Chief Clerk of the City Council

(Bill No. 260060)

AN ORDINANCE

Amending Title 10 of The Philadelphia Code, entitled "Regulation of Individual Conduct and Activity," to prohibit law enforcement officers from concealing their identity, require officers to visibly display their badge and other official identifying information, prohibit the impersonation of law enforcement officers, and provide for civil and criminal enforcement of violations, all under certain terms and conditions.

*THE COUNCIL OF THE CITY OF PHILADELPHIA HEREBY ORDAINS:*

*SECTION 1.  Title 10 of The Philadelphia Code is hereby amended to read as follows:*

*TITLE 10. REGULATION OF INDIVIDUAL CONDUCT AND ACTIVITY*

*\* \* \**

*SECTION 1. City Council hereby makes the following findings:*

*(1) It is the intent of this Council to define the structure of the scope of duty, as well as substantive obligations of local, state and federal law enforcement operating within the jurisdiction of the City of Philadelphia.*

*(2) Transparency in governmental actions, including for officers of the peace, is essential to create the trust between community members and agents of state, local, and federal*

---

# City of Philadelphia

*government that is needed for public safety.*

*(3) Accountability to the public is an inherent attribute of a democracy, and the ability for members of the public to know basic information about agents of the state with minimal exemptions is vital in a democratic society. The need for accountability is heightened when state actors are granted policing power by the people. A state, local, and federal government that is accountable to the public is essential for democracy and safety.*

*(4) In order to properly protect people living in the City of Philadelphia, ensure transparency and accountability for local, state, and federal law enforcement, Council finds that the following legislation is necessary to the jurisdiction's safety and democracy.*

*SECTION 2.* Title 10 of The Philadelphia Code shall be amended to read as follows:

CHAPTER 10-800. SAFETY.

\* \* \*

*§ 10-843. Criminal concealment by a law enforcement officer.*

*(1)  Definitions. The following definitions shall apply to this Section:*

*(a) Law Enforcement Officer. Any "peace officer" as defined in 18 Pa.C.S. § 501 (relating to definitions), including but not limited to local, state or federal officers.*

*(2) Except as provided in subsection (3), a law enforcement officer is guilty of criminal concealment if the law enforcement officer, while performing official duties and interacting with the public:*

*(a) Wears a mask, facial covering, disguise or any other garment that obscures the identity of the law enforcement officer;*

*(b) Intentionally obscures, covers, removes or otherwise conceals a badge, tag, label or other identifying information required to be visibly displayed;*

*(c) Uses a vehicle in the course of official duties that does not contain clear identifying information for the entity that employs the law enforcement officer that is visible to individuals other than such law enforcement officer; or*

*(d) Fails to identify themselves to a subject of arrest, holding or detention or to provide identifying information upon request to the subject of an arrest after an arrest has been made.*

# City of Philadelphia

*(3) Exceptions.*

> *(a) A law enforcement officer shall not be in violation of subsection (2)(a) if the officer:*

>> *(.1) Wears a medical-grade mask or respirator necessary to prevent the transmission of airborne illnesses;*

>> *(.2) Wears a mask for a religious purpose;*

>> *(.3) Wears protective equipment designed to safeguard the face or head issued as part of duties associated with a Special Weapons and Tactics team; or*

>> *(.4) Wears an item as a mask designed to protect against smoke or hazardous conditions during fire response or similar emergencies.*

> *(b) A law enforcement officer shall not be in violation of subsection (2) if the law enforcement officer is employed by a law enforcement agency that maintains and publicly posts a written policy pursuant to Section 10-848.*

*(4) Grading. A violation of this section shall be a summary offense and upon conviction thereof, a violator shall be sentenced to pay a fine pursuant to Philadelphia Code § 1-109 per incident or undergo imprisonment for a period not exceeding ninety (90) days, or both, in addition to any other penalties imposed.*

*(5) Enforcement. The District Attorney shall have the right to bring an action in a court of competent jurisdiction in this Commonwealth against any law enforcement officer under this section.*

*(6) Severability. If any provision of this Section or application thereof to any person or circumstance is judged invalid, the invalidity shall not affect other provisions or applications of the Section which can be given effect without the invalid provision or application, and to this end the provisions of this Section are declared severable.*

*§ 10-844. Visible Badge Requirement.*

*(1)  Definitions. The following definitions shall apply to this Section:*

> *(a) Law Enforcement Officer. Any "peace officer" as defined in 18 Pa.C.S. § 501 (relating to definitions), including but not limited to local, state or federal officers.*

*(2) Except as provided in subsection (3), a law enforcement officer is guilty of criminal concealment if the law enforcement officer, while performing official duties and interacting with the public, fails to:*

# City of Philadelphia

(a) *Visibly display a badge, tag or label clearly identifying the name, rank, and entity that employs the law enforcement officer at all times;*

(b) *Identify themselves to a subject of arrest, holding or detention;*

(c) *Produce a badge, tag or label upon request; or*

(d) *Use a vehicle that contains clear identifying information for the entity that employs the law enforcement officer which is visible to individuals other than such law enforcement officer.*

(3) *Exception. The provisions of subsection (2) shall not apply to a law enforcement officer employed by a law enforcement agency that maintains and publicly posts a written policy pursuant to Section 10-848.*

(4) *Grading. A violation of this section shall be a summary offense and upon conviction thereof, a violator shall be sentenced to pay a fine pursuant to Philadelphia Code § 1-109 per incident or undergo imprisonment for a period not exceeding ninety (90) days, or both, in addition to any other penalties imposed.*

(5) *Enforcement. The District Attorney shall have the right to bring an action in a court of competent jurisdiction in this Commonwealth against any law enforcement officer under this section.*

(6) *Severability. If any provision of this Section or application thereof to any person or circumstance is judged invalid, the invalidity shall not affect other provisions or applications of the Section which can be given effect without the invalid provision or application, and to this end the provisions of this Section are declared severable.*

*§ 10-845. Tortious Concealment by a Law Enforcement Officer.*

(1)   *Definitions. The following definitions shall apply to this Section:*

(a) *Law Enforcement Officer. Any "peace officer" as defined in 18 Pa.C.S. § 501 (relating to definitions), including but not limited to local, state or federal officers.*

(2) *Any person arrested in the City of Philadelphia has the right to know the identity of the arresting officer unless the officer qualifies for an exception under subsection (3). Except as provided in subsection (3), a law enforcement officer is liable for tortious concealment if the law enforcement officer, while performing official duties and interacting with the public,*

(a) *Wears a mask, facial covering, disguise or any other garment that obscures the identity of the law enforcement officer, or fails to identify themselves to a subject of*

# City of Philadelphia

*arrest, holding or detention;*

*(b) Intentionally obscures, covers, removes or otherwise conceals a badge, tag, label or other identifying information required to be visibly displayed; or*

*(c) Uses a vehicle in the course of official duties that does not contain clear identifying information for the entity that employs the law enforcement officer which is visible to individuals other than such law enforcement officer.*

*(3) Exceptions.*

*(a) A law enforcement officer shall not be in violation of subsection (2)(a) if the officer:*

*(.1) Wears a medical-grade mask or respirator necessary to prevent the transmission of airborne illnesses;*

*(.2) Wears a mask for a religious purpose;*

*(.3) Wears protective equipment designed to safeguard the face or head issued as part of duties associated with a Special Weapons and Tactics team; or*

*(.4) Wears an item as a mask designed to protect against smoke or hazardous conditions during fire response or similar emergencies.*

*(b) A law enforcement officer shall not be in violation of subsection (2) if the law enforcement officer is employed by a law enforcement agency that maintains and publicly posts a written policy pursuant to Section 10-848.*

*(4) Private right of action. The City Solicitor or any individual aggrieved by a violation of this Section or any entity a member of which is aggrieved by a violation of this Section may bring a civil action in a court of competent jurisdiction against a county, city, department or agency that employs a person violating this Section. The limitations period for a civil action brought pursuant to this Section shall be three (3) years from the date the complainant knew or should have known of the alleged violation.*

*(5) Remedies: A court of competent jurisdiction may order the following remedies:*

*(a) An order requiring the county, city, department or agency to cease and desist the unlawful practice;*

*(b) Payment of compensatory or punitive damages, provided that an aggrieved person shall make a reasonable effort to mitigate any damages;*

*(c) Payment of reasonable attorney fees;*

# City of Philadelphia

*(d) Payment of court costs;*

*(e) Payment of a fine not to exceed two thousand dollars for each violation ($2,000); and*

*(f) Other equitable relief.*

*(6) Severability. If any provision of this Section or application thereof to any person or circumstance is judged invalid, the invalidity shall not affect other provisions or applications of the Section which can be given effect without the invalid provision or application, and to this end the provisions of this Section are declared severable.*

*§ 10-846. Tortious Failure to Make an Identifying Badge Visible.*

*(1)   Definitions. The following definitions shall apply to this Section:*

*(a) Law Enforcement Officer. Any "peace officer" as defined in 18 Pa.C.S. § 501 (relating to definitions), including but not limited to local, state or federal officers.*

*(2) Except as provided in subsection (3), a law enforcement officer is liable for tortious failure to make an identifying badge visible if the law enforcement officer, while performing official duties and interacting with the public, fails to:*

*(a) Visibly display a badge, tag or label clearly identifying the name, rank, and entity that employs the law enforcement officer at all times;*

*(b) Produce a badge, tag or label upon request; or*

*(c) Use a vehicle that contains clear identifying information for the entity that employs the law enforcement officer which is visible to individuals other than such law enforcement officer.*

*(3) Exception. The provisions of subsection (2) shall not apply to a law enforcement officer employed by a law enforcement agency that maintains and publicly posts a written policy pursuant to Section 10-848.*

*(4) Private right of action. The City Solicitor or any individual aggrieved by a violation of this Section or any entity a member of which is aggrieved by a violation of this Section may bring a civil action in a court of competent jurisdiction against a county, city, department or agency that employs a person violating this Section. The limitations period for a civil action brought pursuant to this Section shall be three (3) years from the date the complainant knew or should have known of the alleged violation.*

*(5) Remedies: A court of competent jurisdiction may order the following remedies:*

# City of Philadelphia

Certified Copy

(a) An order requiring the county, city, department or agency to cease and desist the unlawful practice;

(b) Payment of compensatory or punitive damages, provided that an aggrieved person shall make a reasonable effort to mitigate any damages;

(c) Payment of reasonable attorney fees;

(d) Payment of court costs;

(e) Payment of a fine not to exceed two thousand dollars for each violation ($2,000); and

(f) Other equitable relief.

(6) Severability. If any provision of this Section or application thereof to any person or circumstance is judged invalid, the invalidity shall not affect other provisions or applications of the Section which can be given effect without the invalid provision or application, and to this end the provisions of this Section are declared severable.

§ 10-847. Tortious Impersonation of Law Enforcement Officers.

(1)  Definitions. The following definitions shall apply to this Section:

(a) Law Enforcement Officer. Any "peace officer" as defined in 18 Pa.C.S. § 501 (relating to definitions), including but not limited to local, state or federal officers.

(2) No person shall falsely personate by uniform, insignia or otherwise any law enforcement officer.

(3) Private right of action. The City Solicitor or any individual aggrieved by a violation of this Section or any entity a member of which is aggrieved by a violation of this Section bring a civil action in a court of competent jurisdiction against a county, city, department or agency that employs a person violating this Section. The limitations period for a civil action brought pursuant to this Section shall be three (3) years from the date the complainant knew or should have known of the alleged violation.

(4) Remedies. A court of competent jurisdiction may order the following remedies:

(a) An order requiring the county, city, department or agency to cease and desist the unlawful practice;

(b) Payment of compensatory or punitive damages, provided that an aggrieved person shall make a reasonable effort to mitigate any damages;

# City of Philadelphia

BILL NO. 260060 *continued*                                    Certified Copy

*(c) Payment of reasonable attorneys' fees;*

*(d) Payment of court costs; and*

*(e) Payment of a fine not to exceed two thousand dollars for each violation ($2,000); and*

*(f) Other equitable relief.*

*(5) Severability. If any provision of this Section or application thereof to any person or circumstance is judged invalid, the invalidity shall not affect other provisions or applications of the Section which can be given effect without the invalid provision or application, and to this end the provisions of this Section are declared severable.*

*§ 10-848. Law Enforcement Agency Policies.*

*(1) A law enforcement agency operating in Philadelphia shall maintain and publicly post a written policy prohibiting officers from concealing their identity, and requiring officers to visibly display their badge and other official identifying information, when performing enforcement duties.*

*(2) The policy shall include, but not be limited to, each of the following:*

*(a) A purpose statement affirming the agency's commitment to all of the following:*

*(.1) Transparency, accountability, and public trust.*

*(.2) Restricting the use of facial coverings to specific, clearly defined, and limited circumstances.*

*(.3) Restricting situations in which officers do not visibly display identification to specific, clearly defined, and limited circumstances.*

*(b) A requirement that all law enforcement officers not use a facial covering when performing their duties, subject to a list of narrowly tailored exemptions for the following:*

*(.1) Active undercover operations or assignments authorized by supervising personnel or court order.*

*(.2) Operations where personal protective gear is required for physical safety.*

*(.3) Protection of identity during prosecution.*

# City of Philadelphia

*(.4) Exigent circumstances, involving an imminent danger to persons or property, or the escape of a perpetrator, or the destruction of evidence, including if the officer is responding to those circumstances while off-duty.*

*(.5) When there is a specific, articulable, and particularized reason to believe identification would pose a danger to the physical safety of the officer.*

*(.6) Applicable law governing occupational health and safety or reasonable accommodations.*

*(c) A requirement that supervisors shall not knowingly allow a law enforcement officer under their supervision to violate agency policy limiting the use of a facial covering or requiring the visible display of identification.*

SECTION 3. This Ordinance shall take effect 60 days after its adoption.

_____

**Explanation:**

*Italics* indicate new matter added.

# City of Philadelphia

*BILL NO.* 260060 *continued*                                                    Certified Copy

CERTIFICATION:  This is a true and correct copy of the original Bill, Passed by the City Council on April 23, 2026.

*Elizabeth McCollum*

Elizabeth McCollum
Chief Clerk of the City Council