David L. Axelrod, ID 323792
J. Chesley Burruss, ID 331521
Facundo Bouzat, ID 335101
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case No. 2:26-cv-4208 |
| Plaintiff, | |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO THE COMPLAINT, PURSUANT TO RULE 6(b)(1)(B)** |
| CITY OF PHILADELPHIA; CHERELLE PARKER, Mayor of Philadelphia, in her official capacity; LAWRENCE KRASNER, District Attorney of Philadelphia, in his official capacity; RENEE GARCIA, City Solicitor of Philadelphia, in her official capacity, | |
| Defendants. | |

## I.    INTRODUCTION

Defendant Lawrence Krasner, District Attorney of Philadelphia, in his Official Capacity ("District Attorney Krasner"), by and through undersigned counsel, hereby submits this Memorandum of Law in Support of the Motion to Extend Time to Respond to the Complaint, Pursuant to Rule 6(b)(1)(B). For the reasons set forth below, District Attorney Krasner requests that the Court grant the Motion *nunc pro tunc*, and extend the deadline for District Attorney Krasner to respond to the Complaint until August 21, 2026—the deadline for the other defendants in the case.[1]

## II.    BACKGROUND

The federal government filed its complaint on June 18, 2026. ECF 1. On June 22, the City, Mayor Parker, and Solicitor Garcia, by and through undersigned counsel, agreed to waive service of the Complaint. *See* ECF 11 (Waiver of Service of Summons for the City); ECF 12 (Waiver of Service of Summons for Mayor Parker); ECF 13 (Waiver of Service of Summons for Solicitor Garcia). Because they waived service, the City, Mayor Parker, and Solicitor Garcia have 60 days to respond to the Complaint—until August 21, 2026.[2] *See* Fed. R. Civ. P. 4(d)(3). On June 20, District Attorney Krasner's office notified the federal government that it was not authorized to accept service by email. Ex. A at 1. However, on June 22, District Attorney Krasner's office notified the federal government that undersigned counsel represented District Attorney Krasner.

---

[1]    As used in this memorandum, "Defendants" refers to District Attorney Krasner, the City of Philadelphia (the "City"), Cherelle Parker, Mayor of Philadelphia, in her official capacity ("Mayor Parker"), and Renee Garcia, City Solicitor of Philadelphia, in her official capacity ("Solicitor Garcia").

[2]    Had they not waived service, their deadline to serve a responsive pleading would have been 21 days after being served with the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i).

Ex. B at 7. Indeed, the federal government met and conferred with undersigned counsel on June 22, *see* Ex. B at 6, and undersigned counsel signed the Status Report for all Defendants the next day, ECF 15.

Despite all parties' understanding that undersigned counsel represented District Attorney Krasner, the federal government never requested waiver of service from undersigned counsel, which undersigned counsel would have approved. Ex. B at 1. Instead, the federal government employed a process server, and filed an Affidavit of Service on the same day that undersigned counsel filed Defendants' opposition to the federal government's motion for a preliminary injunction. *See* ECF 17 (Affidavit of Service); ECF 18 (Defs.' Opp.).

On July 16, 2026, the government first informed District Attorney Krasner of its contention that District Attorney Krasner was required to respond to the Complaint by July 14.[3] Ex. B at 3–4. The next day, undersigned counsel sent the federal government a draft stipulation proposing to require District Attorney Krasner to file his response to the Complaint by August 21, the same deadline for all other defendants to respond to the Complaint. Undersigned counsel noted that there was likely a misunderstanding between the parties given the compressed timeframe for filing and responding to the motion for preliminary injunction. Ex. B at 1. Later the same day, the federal government informed undersigned counsel that it opposed the stipulation and would not agree to a response date of August 21, 2026 for District Attorney Krasner. *Id.*

## III.    LEGAL ARGUMENT

---

[3]    Also on July 16, and at the federal government's request, undersigned counsel filed Notices of Appearance for District Attorney Krasner in a good faith effort to work with the federal government. Because undersigned counsel filed the Status Report and opposition to the motion for preliminary injunction on behalf of all Defendants, these notices were not required by the Local Rules. *See* L. Civ. R. 5.1 ("The filing of a pleading, motion, or stipulation shall be deemed an entry of appearance.").

Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Generally, excusable neglect seems to require a demonstration of good faith on the part of the party seeking an extension of time and some reasonable basis for noncompliance within the time specified by the rules." *Gandhi v. Kijakazi*, 2023 U.S. Dist. LEXIS 250937, at *1 n.1 (E.D. Pa. June 6, 2023) (quoting Wright & Miller, Fed. Prac. & Proc. § 1165 (4th ed. Apr. 2023 update)). Courts consider four factors to determine if a party's actions were due to excusable neglect: (1) any danger of prejudice to the opposing party; (2) length of the delay; (3) reason for the delay; and (4) whether the moving party acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 506 U.S. 380, 395 (1993) (interpreting analogous Bankruptcy Rule); *Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010) (applying the *Pioneer* factors to Rule 6 motion). "All factors must be considered and balanced; no one factor trumps the others." *In re Am. Classic Voyages Co.*, 405 F.3d 127, 133 (3d Cir. 2005) (citation omitted).

Here, all four factors weigh in favor of District Attorney Krasner's motion for an extension of time to file a response. *First*, this case is in its very early stages, and the other three Defendants— represented by the same undersigned counsel as District Attorney Krasner—are not required to respond to the Complaint until August 21, 2026. *See supra* at § II. Granting the requested extension *nunc pro tunc* will align all deadlines to respond to the Complaint, creating less burden on all parties and this Court. The additional time will not affect the federal government's arguments or strategy in any way, and it will not suffer any prejudice. *See Arnold's Office Furniture, LLC v. Borden*, 2023 U.S. Dist. LEXIS 97967, at *27 (E.D. Pa. June 6, 2023) ("A non-movant suffers prejudice if the passage of time hinders its ability to support its position, such as from the loss of

3

available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." (citation and internal quotation marks omitted)); *Gandhi*, 2023 U.S. Dist. LEXIS 250937, at *1 n.1 ("[T]here is no danger of prejudice to the Plaintiff; this matter is still in its earliest stages, and I cannot discern any prejudice that could be caused by the short delay[.]").

*Second*, the passage of time is minimal. District Attorney Krasner learned of the federal government's position on service on July 16. On July 17, District Attorney Krasner informed the federal government of the misunderstanding, provided the federal government with a draft stipulation in an effort to resolve the issue, and offered to complete a waiver of service of summons form. Ex. B at 1. And that same day, the federal government notified District Attorney Krasner that it opposed the stipulation. *Id.* District Attorney Krasner is filing the instant motion just two business days after the federal government notified District Attorney Krasner that it would not stipulate to aligning the deadline for all Defendants to respond to the Complaint, and only seven days after what the federal government argues was District Attorney Krasner's deadline to respond to the Complaint. This factor weights in favor of District Attorney Krasner. *See, e.g.*, *Ghandi*, 2023 U.S. Dist. LEXIS 250937, at *1 n.1 (finding the second factor weighs in the moving party's favor where "[t]he motion to extend was filed only ten days after the deadline passed").

*Third*, the reason for the delay was, at worst, a miscommunication between the parties. The federal government knew as early as June 22 that undersigned counsel represented District Attorney Krasner. Despite that, the federal government did not ask undersigned counsel to waive service, but proceeded to unnecessarily dispatch a process server. Had the federal government inquired with undersigned counsel on June 22, undersigned counsel would have agreed to waive service. Ex. B. at 1. The federal government has repeatedly rejected Defendants' efforts to resolve the miscommunication between the parties efficiently, including by opposing Defendants' draft

4

stipulation. Regardless, "[e]xcusable neglect includes 'inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Thorsen v. BCS Devs., LLC*, 2024 U.S. Dist. LEXIS 141418, at *3 (D.N.J. Aug. 7. 2024). Here, any missed deadline was inadvertent.

*Fourth*, District Attorney Krasner has acted in good faith. "We have held that a party acts in good faith when he acts with reasonable haste to investigate the problem and to take available steps toward a remedy." *In re Smiles*, 600 F. App'x 838, 841 (3d Cir. 2015) (citation and internal quotation marks omitted). District Attorney Krasner learned of the federal government's position on July 16; attempted to work with the federal government to address the misunderstanding on July 17; and filed the instant motion on July 21, just two business days after learning that the federal government opposed Defendants' draft stipulation. "Because [he] acted quickly to take this available step towards a remedy, this factor weighs in favor of [District Attorney Krasner]." *Borden*, 2023 U.S. Dist. LEXIS 97967, at *29–30 (citation and internal quotation marks omitted).

All factors weigh in favor of District Attorney Krasner, and the Court should therefore grant the motion.

5

## IV.    CONCLUSION

For the reasons set forth above, District Attorney Krasner respectfully requests that this Court grant the instant motion and extend the time for District Attorney Krasner to respond to the Complaint *nunc pro tunc* to August 21, 2026.

Dated: July 21, 2026                    **BALLARD SPAHR LLP**

*/s/ David L. Axelrod*
David L. Axelrod, ID 323792
Chesley Burruss, ID 331521
Facundo Bouzat, ID 335101
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999
axelrodd@ballardspahr.com
burrussc@ballardspahr.com
bouzatf@ballardspahr.com

*Attorneys for Defendants*