David L. Axelrod, ID 323792
Facundo Bouzat, ID 335101
J. Chesley Burruss, ID 331521
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Defendant District Attorney*
*Krasner*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PHILADELPHIA; CHERELLE PARKER, Mayor of Philadelphia, in her official capacity; LAWRENCE KRASNER, District Attorney of Philadelphia, in his official capacity; RENEE GARCIA, City Solicitor of Philadelphia, in her official capacity, <br><br> Defendants. | Case No. 2:26-cv-4208 <br><br><br> **DEFENDANT DISTRICT ATTORNEY KRASNER'S ANSWER TO PLAINTIFF'S COMPLAINT** |

**DEFENDANT DISTRICT ATTORNEY KRASNER'S ANSWER**
**TO PLAINTIFF'S COMPLAINT**

Defendant District Attorney Lawrence Krasner ("District Attorney Krasner"), by and through his undersigned counsel, hereby answers the correspondingly numbered paragraphs of Plaintiff's Complaint. To the extent any of the allegations are not specifically admitted, District Attorney Krasner denies each and every such allegation.

**AS TO "INTRODUCTION"**

1.      The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the cases cited in this paragraph speak for themselves and denies anything beyond the text of the cases.

2.      Admitted in part, denied in part. District Attorney Krasner admits only that the Philadelphia City Council passed Bill No. 260060 (the "Bill") on April 23, 2026. The remaining averments contained in this paragraph otherwise consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

3.      Admitted in part, denied in part. District Attorney Krasner admits only that the Philadelphia City Council passed Bill No. 260060 on April 23, 2026, and the Bill did not become effective until July 7, 2026. The remaining averments contained in this paragraph are denied.

4.      The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything in this paragraph beyond the text of the Bill.

5.      The averments contained in this paragraph consist of legal conclusions and characterizations about the Bill to which no response is required. To the extent a further response

is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

6. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the cases cited in this paragraph speak for themselves, and any characterization thereof is denied.

7. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

## AS TO "JURISDICTION AND VENUE"

8. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

9. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

10. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

## AS TO "PARTIES"

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted. By way of further response, City Solicitor Renee Garcia recently announced she will be stepping down from her position.

**AS TO "LEGAL AND FACTUAL BACKGROUND**

**THE SUPREMACY CLAUSE AND FEDERAL LAW ENFORCEMENT"**

16.    Admitted.

17.    Admitted.

18.    The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the cases cited in this paragraph speak for themselves and denies anything beyond the text of the cases.

19.    The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the statutes cited in this paragraph speak for themselves and denies anything beyond the text of the statutes.

20.    The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the statutes cited in this paragraph speak for themselves and denies anything beyond the text of the statutes.

21.    The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the case cited in this paragraph speaks for itself and denies anything beyond the text of the case.

22.    Admitted that the Drug Enforcement Administration enforces federal controlled substances laws. To the extent a further response is required, District Attorney Krasner states that the statute cited in this paragraph speaks for itself and denies anything beyond the text of the statute.

23.    Admitted that the Drug Enforcement Administration enforces federal controlled substances laws. To the extent a further response is required, District Attorney Krasner states that the regulation and website cited in this paragraph (and footnote) speak for themselves and denies any characterizations thereof.

24.    Admitted that the Federal Bureau of Investigation investigates violations of the laws, terrorist activities, and cybercrimes, among other duties. To the extent a further response is required, District Attorney Krasner states that the regulation and website cited in this paragraph (and footnote) speak for themselves and denies any characterizations thereof.

25.    Admitted that the Department of Homeland Security enforces federal immigration laws, including the Immigration and Nationality Act. To the extent a further response is required, District Attorney Krasner states that the Constitution and case cited in this paragraph speak for themselves and denies any characterizations thereof.

26.    Admitted that the Department of Homeland Security enforces federal immigration laws, including the Immigration and Nationality Act. To the extent a further response is required, District Attorney Krasner states that the statutes cited in this paragraph speak for themselves and denies anything beyond the text of the statutes.

## AS TO "PHILADELPHIA CITY COUNCIL BILL 260060"

27.    Admitted.

28.    Admitted in part, denied in part. District Attorney Krasner admits that Bill No. 260060 was adopted on May 7, 2026, and the Bill did not become effective until July 7, 2026. The remaining allegations of this paragraph (and footnote) purport to quote the Philadelphia Home Rule Charter and Bill No. 260060, documents which speak for themselves, and District Attorney Krasner denies anything beyond the text of those documents.

29.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

<div align="center">AS TO "<u>Criminal Liability</u>"</div>

30.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

31.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

32.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

33.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

34.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

35.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

36.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

37.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

38.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

39.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

40.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

41.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

42.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

43. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

44. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

AS TO "Civil Liability"

45. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

46. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

47. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

48. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

49. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

50.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

51.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

52.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

53.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

54.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

55.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

56.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

57.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

58.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

AS TO "Policy Requirements"

59.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

60.     Admitted in part, denied in part. District Attorney Krasner admits only that the quotations taken from the City Solicitor's letter to Mayor Parker are accurate (except that the article "and" in the last sentence of the block quotation should be "or"), and Bill No. 260060 was adopted on May 7, 2026 but did not become effective until July 7, 2026. Further, this paragraph (and footnote) purports to quote an online news article published by NBC Philadelphia, which speaks for itself, and any characterizations thereof are denied.

61.     Admitted in part, denied in part. District Attorney Krasner admits only that this paragraph (and footnotes) purports to quote an online news article from WHYY and an article published on the website for the Philadelphia District Attorney's Office, both of which speak for themselves. District Attorney Krasner denies any characterizations of the two cited articles, and any remaining allegations.

62.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

10

63. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the cases cited in this paragraph speak for themselves and denies anything beyond the text of the cases.

**AS TO "BILL 260060 HARMS THE FEDERAL GOVERNMENT AND THE PUBLIC"**

64. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

65. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

66. The averments contained in this paragraph consist of legal conclusions to which no response is required. District Attorney Krasner further lacks knowledge or information sufficient to form a belief concerning the truth of the allegations regarding federal law enforcement agencies' intent to comply with the challenged Bill. To the extent a further response is required, denied.

67. District Attorney Krasner lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.

68. District Attorney Krasner lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.

69. District Attorney Krasner lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.

70. Admitted in part, denied in part. District Attorney Krasner admits only that the Department of Homeland Security issued a press release (cited in a footnote) dated October 30, 2025. District Attorney Krasner denies that the press release contains the quoted language in this paragraph, as it does not appear in the cited website. District Attorney Krasner otherwise lacks

11

knowledge and information sufficient to form a belief concerning the truth of the allegations in this paragraph.

71.     District Attorney Krasner lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.

72.     Admitted in part, denied in part. It is admitted only that federal agencies deploy unmarked vehicles. Further, District Attorney Krasner states that the regulations and statutes cited in this paragraph speak for themselves and denies anything beyond their text. With respect to any remaining allegations, denied.

73.     District Attorney Krasner lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.

74.     District Attorney Krasner states that the regulation cited in this paragraph speaks for itself and denies any characterization of the regulation's text. District Attorney Krasner otherwise lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.

75.     District Attorney Krasner lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.

76.     District Attorney Krasner lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.  Further, District Attorney Krasner states that the cases cited in this paragraph speak for themselves and denies anything beyond the text of the cases.

77.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied. Further, District Attorney

Krasner states that the cases cited in this paragraph speak for themselves and denies anything beyond the text of the cases.

78.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

79.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

80.     Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. Further, this paragraph assumes that the challenged Bill does not permit federal officers to "safely and effectively" enforce the laws and is therefore denied. To the extent a further response is required, denied.

<div align="center">

**AS TO "CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATION OF THE SUPREMACY CLAUSE – SECTION 2, § 10-843 OF BILL 260060 (UNLAWFUL REGULATION OF THE FEDERAL GOVERNMENT)"**

</div>

81.     District Attorney Krasner repeats and realleges his responses to paragraphs 1 through 80 of the Complaint as though fully set forth herein.

82.     Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

83.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

84.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

85.    The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

86.    The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

87.    Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

88.    Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

**AS TO "COUNT II**

**VIOLATION OF THE SUPREMACY CLAUSE – SECTION 2, § 10-844 OF BILL 260060 (UNLAWFUL REGULATION OF THE FEDERAL GOVERNMENT)"**

89.    District Attorney Krasner repeats and realleges his responses to paragraphs 1 through 88 of the Complaint as though fully set forth herein.

90.    Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

91.    The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

92.    The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

93.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

94.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

95.     Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

96.     Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

### AS TO "COUNT III

### VIOLATION OF THE SUPREMACY CLAUSE – SECTION 2, § 10-845 OF BILL 260060 (UNLAWFUL REGULATION OF THE FEDERAL GOVERNMENT)"

97.     District Attorney Krasner repeats and realleges his responses to paragraphs 1 through 96 of the Complaint as though fully set forth herein.

98.     Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

99.     The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

100.    The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

101.    The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

102.    The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

103.    Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

104.    Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

**AS TO "COUNT IV**

**VIOLATION OF THE SUPREMACY CLAUSE – SECTION 2, § 10-846 OF BILL 260060 (UNLAWFUL REGULATION OF THE FEDERAL GOVERNMENT)"**

105.    District Attorney Krasner repeats and realleges his responses to paragraphs 1 through 104 of the Complaint as though fully set forth herein.

106.    Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

107.    The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

108.    The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

109. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, District Attorney Krasner states that the text of Bill No. 260060 speaks for itself and denies anything beyond the text of the Bill.

110. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

111. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

## AS TO "PRAYER FOR RELIEF"

District Attorney Krasner denies liability and denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

District Attorney Krasner asserts the following affirmative defenses, without admitting that he bears the burden of proof or burden of persuasion on any of them:

## FIRST AFFIRMATIVE DEFENSE

### [Failure to State a Claim]

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### [Lack of Article III Jurisdiction]

2. Plaintiff lacks pre-enforcement standing and its claims are not ripe and this Court thus lacks subject-matter jurisdiction over the matter.

## THIRD AFFIRMATIVE DEFENSE

### [Reservation of Rights]

17

3.    District Attorney Krasner reserves his right to assert any additional or difference defense and affirmative defense in response to the Complaint based on information and knowledge obtained during future investigation or discovery.

DATED: August 3, 2026

**BALLARD SPAHR LLP**

By:    */s/   David L. Axelrod*
        David L. Axelrod, ID 323792
        Facundo Bouzat, ID 335101
        Chesley Burruss, ID 331521
        **BALLARD SPAHR LLP**
        1735 Market Street, 51st Floor
        Philadelphia, PA 19103-7599
        Telephone: 215.665.8500
        Facsimile: 215.864.8999
        axelrodd@ballardspahr.com
        bouzatf@ballardspahr.com
        burrussc@ballardspahr.com

        *Attorneys for Defendant District Attorney Krasner*

18

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on August 3, 2026, a true and correct copy of the foregoing document was filed electronically via the Court's CM/ECF system and served via CM/ECF on all counsel of record.

<div align="center" style="margin-left:40%">

<u>*/s/ David L. Axelrod*</u>
David L. Axelrod

</div>