David L. Axelrod, ID 323792
Facundo Bouzat, ID 335101
J. Chesley Burruss, ID 331521
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Defendants the City of Philadelphia, Cherelle Parker, Mayor of Philadelphia, in her official capacity, and Renee Garcia, City Solicitor of Philadelphia, in her official capacity*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

THE UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF PHILADELPHIA; CHERELLE PARKER, Mayor of Philadelphia, in her official capacity; LAWRENCE KRASNER, District Attorney of Philadelphia, in his official capacity; RENEE GARCIA, City Solicitor of Philadelphia, in her official capacity,

Defendants.

Case No. 2:26-cv-4208

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS CITY OF PHILADELPHIA, CHERELLE PARKER, AND RENEE GARCIA**

Defendants the City of Philadelphia (the "City"), Cherelle Parker, Mayor of Philadelphia, in her official capacity (the "Mayor"), and Renee Garcia, City Solicitor of Philadelphia, in her official capacity (the "City Solicitor," and with the City and the Mayor, "Defendants"), by and through their undersigned counsel, hereby answer the correspondingly numbered paragraphs of Plaintiff's Complaint.[1] To the extent any of the allegations are not specifically admitted, Defendants deny each and every such allegation.

**AS TO "INTRODUCTION"**

1. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the cases cited in this paragraph speak for themselves and deny anything beyond the text of the cases.

2. Admitted in part, denied in part. Defendants admit only that the Philadelphia City Council passed Bill No. 260060 (the "Bill") on April 23, 2026. The remaining averments contained in this paragraph otherwise consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

3. Admitted in part, denied in part. Defendants admit only that the Philadelphia City Council passed Bill No. 260060 on April 23, 2026, and the Bill did not become effective until July 7, 2026. The remaining averments contained in this paragraph are denied.

4. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything in this paragraph beyond the text of the Bill.

---

1. Defendant Lawrence Krasner, District Attorney of Philadelphia, in his official capacity, filed his Answer to Plaintiff's Complaint on August 3, 2026. ECF 30.

5. The averments contained in this paragraph consist of legal conclusions and characterizations about the Bill to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

6. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the cases cited in this paragraph speak for themselves, and any characterization thereof is denied.

7. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

**AS TO "JURISDICTION AND VENUE"**

8. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

9. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

10. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

**AS TO "PARTIES"**

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted. By way of further response, City Solicitor Renee Garcia recently announced she will be stepping down from her position.

**AS TO "LEGAL AND FACTUAL BACKGROUND**

**THE SUPREMACY CLAUSE AND FEDERAL LAW ENFORCEMENT"**

16. Admitted.

17. Admitted.

18. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the cases cited in this paragraph speak for themselves and deny anything beyond the text of the cases.

19. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the statutes cited in this paragraph speak for themselves and deny anything beyond the text of the statutes.

20. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the statutes cited in this paragraph speak for themselves and deny anything beyond the text of the statutes.

21. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the case cited in this paragraph speaks for itself and deny anything beyond the text of the case.

22. Admitted that the Drug Enforcement Administration enforces federal controlled substances laws. To the extent a further response is required, Defendants state that the statute cited in this paragraph speaks for itself and deny anything beyond the text of the statute.

23. Admitted that the Drug Enforcement Administration enforces federal controlled substances laws. To the extent a further response is required, Defendants state that the regulation and website cited in this paragraph (and footnote) speak for themselves and deny any characterizations thereof.

24. Admitted that the Federal Bureau of Investigation investigates violations of the laws, terrorist activities, and cybercrimes, among other duties. To the extent a further response is required, Defendants state that the regulation and website cited in this paragraph (and footnote) speak for themselves and deny any characterizations thereof.

25. Admitted that the Department of Homeland Security enforces federal immigration laws, including the Immigration and Nationality Act. To the extent a further response is required, Defendants state that the Constitution and case cited in this paragraph speak for themselves and deny any characterizations thereof.

26. Admitted that the Department of Homeland Security enforces federal immigration laws, including the Immigration and Nationality Act. To the extent a further response is required, Defendants state that the statutes cited in this paragraph speak for themselves and deny anything beyond the text of the statutes.

**AS TO "PHILADELPHIA CITY COUNCIL BILL 260060"**

27. Admitted.

28. Admitted in part, denied in part. Defendants admit that Bill No. 260060 was adopted on May 7, 2026, and the Bill did not become effective until July 7, 2026. The remaining allegations of this paragraph (and footnote) purport to quote the Philadelphia Home Rule Charter and Bill No. 260060, documents which speak for themselves, and Defendants deny anything beyond the text of those documents.

29. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

AS TO "Criminal Liability"

30. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

31. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

32. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

33. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

34. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

35. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

36. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

37. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

38. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

39. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

40. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

41. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

42. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

43. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

44. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

AS TO "Civil Liability"

45. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

46. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

47. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

48. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

49. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

50. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

51. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

52. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

53. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

54. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

55. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

56. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

57. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

58. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

AS TO "Policy Requirements"

59. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

60. Admitted in part, denied in part. Defendants admit only that the quotations taken from the City Solicitor's letter to Mayor Parker are accurate (except that the article "and" in the last sentence of the block quotation should be "or"), and Bill No. 260060 was adopted on May 7, 2026 but did not become effective until July 7, 2026. Further, this paragraph (and footnote) purports to quote an online news article published by NBC Philadelphia, which speaks for itself, and any characterizations thereof are denied.

61. Admitted in part, denied in part. Defendants admit only that this paragraph (and footnotes) purports to quote an online news article from WHYY and an article published on the website for the Philadelphia District Attorney's Office, both of which speak for themselves. Defendants deny any characterizations of the two cited articles, and any remaining allegations.

62. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

63. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the cases cited in this paragraph speak for themselves and deny anything beyond the text of the cases.

**AS TO "BILL 260060 HARMS THE FEDERAL GOVERNMENT AND THE PUBLIC"**

64. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

65. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

66. The averments contained in this paragraph consist of legal conclusions to which no response is required. Defendants further lack knowledge or information sufficient to form a belief concerning the truth of the allegations regarding federal law enforcement agencies' intent to comply with the challenged Bill. To the extent a further response is required, denied.

67. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.

68. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.

69. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.

70. Admitted in part, denied in part. Defendants admit only that the Department of Homeland Security issued a press release (cited in a footnote) dated October 30, 2025. Defendants deny that the press release contains the quoted language in this paragraph, as it does not appear in the cited website. Defendants otherwise lack knowledge and information sufficient to form a belief concerning the truth of the allegations in this paragraph.

71. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.

72. Admitted in part, denied in part. It is admitted only that federal agencies deploy unmarked vehicles. Further, Defendants state that the regulations and statutes cited in this

paragraph speak for themselves and deny anything beyond their text. With respect to any remaining allegations, denied.

73. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.

74. Defendants state that the regulation cited in this paragraph speaks for itself and deny any characterization of the regulation's text. Defendants otherwise lack knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.

75. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph.

76. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations in this paragraph. Further, Defendants state that the cases cited in this paragraph speak for themselves and deny anything beyond the text of the cases.

77. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied. Further, Defendants state that the cases cited in this paragraph speak for themselves and deny anything beyond the text of the cases.

78. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

79. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

80. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. Further, this paragraph assumes that the challenged Bill does not

permit federal officers to "safely and effectively" enforce the laws and is therefore denied. To the extent a further response is required, denied.

**AS TO "CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATION OF THE SUPREMACY CLAUSE – SECTION 2, § 10-843 OF BILL 260060 (UNLAWFUL REGULATION OF THE FEDERAL GOVERNMENT)"**

81. Defendants repeat and reallege their responses to paragraphs 1 through 80 of the Complaint as though fully set forth herein.

82. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

83. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

84. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

85. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

86. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

87. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

88. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

**AS TO "COUNT II**

**VIOLATION OF THE SUPREMACY CLAUSE – SECTION 2, § 10-844 OF BILL 260060 (UNLAWFUL REGULATION OF THE FEDERAL GOVERNMENT)"**

89. Defendants repeat and reallege their responses to paragraphs 1 through 88 of the Complaint as though fully set forth herein.

90. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

91. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

92. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

93. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

94. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

95. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

96. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

**AS TO "COUNT III**

**VIOLATION OF THE SUPREMACY CLAUSE – SECTION 2, § 10-845 OF BILL 260060 (UNLAWFUL REGULATION OF THE FEDERAL GOVERNMENT)"**

97. Defendants repeat and reallege their responses to paragraphs 1 through 96 of the Complaint as though fully set forth herein.

98. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

99. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

100. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

101. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

102. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

103. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

104. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

**AS TO "COUNT IV**

**VIOLATION OF THE SUPREMACY CLAUSE – SECTION 2, § 10-846 OF BILL 260060 (UNLAWFUL REGULATION OF THE FEDERAL GOVERNMENT)"**

105. Defendants repeat and reallege their responses to paragraphs 1 through 104 of the Complaint as though fully set forth herein.

106. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

107. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

108. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

109. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, Defendants state that the text of Bill No. 260060 speaks for itself and deny anything beyond the text of the Bill.

110. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

111. Denied. The averments contained in this paragraph consist of legal conclusions to which no response is required. To the extent a further response is required, denied.

**AS TO "PRAYER FOR RELIEF"**

Defendants deny liability and deny that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses, without admitting that they bear the burden of proof or burden of persuasion on any of them:

### FIRST AFFIRMATIVE DEFENSE

**[Failure to State a Claim]**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**[Lack of Article III Jurisdiction]**

2. Plaintiff lacks pre-enforcement standing and its claims are not ripe and this Court thus lacks subject-matter jurisdiction over the matter.

**THIRD AFFIRMATIVE DEFENSE**

**[Reservation of Rights]**

3. Defendants reserve their right to assert any additional or difference defense and affirmative defense in response to the Complaint based on information and knowledge obtained during future investigation or discovery.

DATED: August 21, 2026

**BALLARD SPAHR LLP**

By: */s/ David L. Axelrod*
David L. Axelrod, ID 323792
Facundo Bouzat, ID 335101
Chesley Burruss, ID 331521
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999
axelrodd@ballardspahr.com
bouzatf@ballardspahr.com
burrussc@ballardspahr.com

*Attorneys for Defendants the City of Philadelphia, Cherelle Parker, Mayor of Philadelphia, in her official capacity, and Renee Garcia, City Solicitor of Philadelphia, in her official capacity*

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2026, a true and correct copy of the foregoing document was filed electronically via the Court's CM/ECF system and served via CM/ECF on all counsel of record.

*/s/ David L. Axelrod*
David L. Axelrod