**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF PHILADELPHIA; CHERELLE PARKER, Mayor of Philadelphia, in her official capacity; LAWRENCE KRASNER, District Attorney of Philadelphia, in his official capacity; RENEE GARCIA, City Solicitor of Philadelphia, in her official capacity,

Defendants.

No. 2:26-cv-4208-CFK

## PLAINTIFF'S MOTION FOR CONSOLIDATED BRIEFING SCHEDULE

Plaintiff United States respectfully moves the Court for a consolidated briefing schedule. Plaintiff was preparing to file its opposition to Defendants' motion to extend time to respond to the Amended Complaint (ECF No. 33) when the Court granted Defendant's motion (ECF No. 34). Accordingly, Plaintiff has restyled its request as one for a consolidated briefing schedule based on Defendants' extended response deadline.

## INTRODUCTION

1. Plaintiff did not oppose a reasonable extension in principle. Plaintiff opposed granting an extension without also addressing the scheduling issue that necessarily follows from it, so that the case can move forward efficiently and Defendants' intended partial motion to dismiss does not become the first of successive rounds of motion practice.

**BACKGROUND**

2. Plaintiff filed its Amended Complaint on August 24, 2026, adding two claims (Counts I and II) challenging Philadelphia Bill 260059, codified at Title 21, Section 21-3706 of the Philadelphia Code (ECF No. 32). Defendants' original deadline to answer or otherwise respond was September 8, 2026 but they asked for Plaintiff's position on an extension until September 22, 2026 (ECF No. 34).

3. In the interest of avoiding further delay through successive responsive pleadings, Plaintiff conditioned its agreement to Defendants' requested extension on the parties' agreement to a schedule for cross-motions for summary judgment, and asked Defendants' counsel whether they would be amenable to that approach. Defendants' counsel indicated they would consider it, depending on the schedule Plaintiff proposed.

4. Plaintiff's proposed briefing schedule accommodated Defendants' requested extension and Plaintiff's interest in proceeding with a motion for summary judgment.

5. Defendants indicated that they intend to file a partial motion to dismiss as to Plaintiff's new claims only and that they were willing to agree to a briefing schedule for cross-motions for summary judgment that would not commence until 60 days after the Court's ruling on their partial motion to dismiss. Accordingly, Defendants' counsel counter-proposed a schedule under which briefing on cross-motions for summary judgment, including Plaintiff's original claims regarding facial coverings and identification requirements, would not begin until 2027.

6. Plaintiff recommended that the parties request a short conference with the Court to address this scheduling issue. Defendants did not agree that there were "scheduling issues" and therefore opposed that suggestion and instead filed their extension motion. At Plaintiff's request, Defendants indicated therein that Plaintiff intended to file an opposition.

7. Before Plaintiff filed its response to that motion, the Court extended Defendants' deadline to answer or otherwise respond from September 8, 2026 to September 22, 2026 (ECF No. 34).

8. Plaintiff proposes the following consolidated briefing schedule:

Defendants' Motion to Dismiss: September 22, 2026

Plaintiff's Opposition and Cross-Motion for Summary Judgment: October 20, 2026

Defendants' Reply (if applicable) and Opposition: November 10, 2026

Plaintiff's Reply: November 24, 2026

**ARGUMENT**

9. Defendants characterize Plaintiff's position as "premature and improper" because no summary judgment deadline is currently pending. Federal Rule of Civil Procedure 56(b), however, permits a party to move for summary judgment "*at any time* until 30 days after the close of all discovery" absent a court order stating otherwise. Fed. R. Civ. P. 56(b) (emphasis added). Nothing in the Rules ties that timing to the existence of a separately docketed summary judgment deadline, or requires a party to wait for such a deadline before moving. Plaintiff's request for a consolidated, rather than piecemeal, briefing schedule is therefore consistent with the Rule and not an attempt to impose an improper condition.

10. Nor does Plaintiff's position reflect bad faith or prejudice Defendants. On the contrary, Plaintiff did not oppose Defendants having the time they need to respond to the Amended Complaint. Sequencing the parties' cross-motions for summary judgment behind full briefing and decision on Defendants' partial motion to dismiss on just the new claims would leave Plaintiff's original claims—already fully briefed at the preliminary injunction stage and, in Plaintiff's view, ripe for resolution—unnecessarily suspended for the remainder of this year, even though that

motion is directed only at claims added in the Amended Complaint. Plaintiff seeks prompt and final resolution of what this Court has recognized is "a relatively straightforward legal question." ECF No. 21 at 8. That delay is not merely a matter of scheduling convenience: it prolongs the very harm that led the Court to grant Plaintiff a preliminary injunction in the first place, and it does so without any corresponding benefit to the orderly resolution of this case.

## CONCLUSION

Plaintiff opposed the motion for extension of time insofar as it would not allow a prompt resolution of all the claims before the Court. Given the Court has granted the extension, Plaintiff respectfully requests that the Court enter the consolidated cross-dispositive briefing schedule Plaintiff proposed.

DATED: August 28, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CHARLES E.T. ROBERTS
Senior Counsel to the Assistant Attorney General
Civil Division

JACQUELINE COLEMAN SNEAD
Deputy Director

*/s/ Pooja D. Majmundar*
POOJA D. MAJMUNDAR
DC Bar No. 1779930
Trial Attorney
U.S. Department of Justice, Civil Division
Enforcement & Affirmative Litigation Branch
P.O. Box 386
Washington, D.C. 20044-0386
(202) 598-0280
Pooja.D.Majmundar@usdoj.gov

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2026, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system and served via CM/ECF on all counsel of record.

*/s/ Pooja D. Majmundar*
POOJA D. MAJMUNDAR